Calvin A. COX, Individually, and on behalf of others similarly situated,
Appellant,

v.

BABCOCK AND WILCOX COMPANY,
a corporation, Appellee.

No. 72–1315.

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 4, 1972.

Decided Dec. 29, 1972.

William L. Robinson, New York City (Charles M. L. Mangum, Henry B. Hinton, Jr., Lynchburg, Va., Jack Greenberg, Morris J. Baller, Jonathan K. Har-

kavy, Nahomi Harkavy and Albert Rosenthal, New York City, on brief), for appellant.

Norman K. Moon, Lynchburg, Va. (Edward S. Graves and Edmunds, Williams, Robertson, Sackett, Baldwin & Graves, Lynchburg, Va., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and RUSSELL, Circuit Judge.

DONALD RUSSELL, Circuit Judge:

This is both an individual and class action, instituted under Title VII of the Civil Rights Act of 1964 to redress alleged unlawful discrimination in employment practices on the part of the defendant. The parties stipulated the issues of fact in the case and agreed initially that the issues so stipulated should be submitted to a jury. The issues, as agreed upon, it seems, related only to plaintiff's individual claim. After a jury trial had been agreed upon, the plaintiff withdrew his consent. The District Judge at this point convened an advisory jury under the terms of Rule 39(c), Federal Rules of Civil Procedure, and tried the plaintiff's claim on the basis of the issues agreed upon by the parties. After a full trial, the advisory jury found a want of discrimination against the plaintiff by the defendant. The District Court reviewed these findings and proceeded to make its own findings that the plaintiff had not been discriminated against in violation of the Act and dismissed the individual action. Having made that determination of the plaintiff's individual claim, the District Court proceeded to conclude that the plaintiff, being without any individual rights himself, was not a proper representative to maintain a class action and dismissed the class action. The plaintiff appeals the dismissal of both the individual and the class action. We affirm the dismissal of the individual action, but remand, with instructions, the class action.

The denial of the plaintiff's individual claim by the District Court is amply supported by the record and is binding on this Court. Brown v. Gaston County Dyeing Machine Company (4th Cir. 1972) 457 F.2d 1377, 1379. The plaintiff, however, complains that, in the resolution of his individual claim, the District Court improperly impaneled an advisory jury under Rule 39(c). He argues that the Act contemplates that discrimination actions are to be tried by the Court itself and not to a jury. Such has been the construction given the Act. Johnson v. Georgia Highway Express, Inc. (5th Cir. 1969) 417 F.2d 1122, 1125; Moss v. Lane Company (D.C.Va. 1970) 50 F.R.D. 122, 128.[1] This does not, however, preclude a Court from impaneling an advisory jury under Rule 39(c). That Rule specifically authorizes a Court in its discretion to employ such procedure in any case "not triable of right by a jury" and the Court's exercise of such discretion in these circumstances is not reviewable. In Re Pan-American Life Ins. Co. (5th Cir. 1951) 188 F.2d 833, 834. The findings of such a jury are, of course, merely advisory; the Court must, as it did in this case, make its own findings and "[r]eview on appeal is of the findings of the court as if there had been no verdict from an advisory jury". 9 Wright & Miller, Federal Practice and Procedure: Civil § 2335, at 127 (1971). While it may well be that the use of an advisory jury as provided by Rule 39(c) should be sparingly exercised in discrimination cases, its use in this case does not warrant a reversal of the findings of the Court itself, amply supported as they are in the record.

---

1. There have been instances, however, in which suits have been tried to a jury—presumably by consent. Note, The Right to Jury Trial Under Title VII of the Civil Rights Act of 1964, 37 U.Chi.L.Rev. 107, 168 nn. 19 & 20. Moreover, there have been cases in which the plaintiff has sought a jury trial (Gillin v. Federal Paper Board Co. (D.C.Conn.1970) 52 F.R.D. 383, 386) and in which the defendant has moved for a jury trial (Moss v. Lane Company, supra).

Neither may the plaintiff complain of the refusal of the District Court to admit into evidence the EEOC records. The dissenting opinion of Judge Dyer expresses persuasive reasons why such records should not be admitted. Smith v. Universal Services, Inc. (5th Cir. 1972) 454 F.2d 154, 160–161.[2] Generally, even in those cases where a contrary view is taken, it is stated that the admission of such records is discretionary with the District Court. Heard v. Mueller Company (6th Cir. 1972) 464 F.2d 190, 194; Gillin v. Federal Paper Board Co. (D.C.Conn.1970) 52 F.R.D 383, 384–385; *but see,* Smith v. Universal Services, Inc., *supra.* Error cannot accordingly be sustained on account of the refusal of the District Court to admit such records in evidence.

The main thrust of plaintiff's complaint on appeal is directed at the dismissal of his class action. The District Court delayed consideration of such action until it had disposed of the plaintiff's individual claim. The plaintiff urges that the Court should have made an interim determination of the maintainability of the class action prior to any final disposition of the individual claim. In support of this position, he cites the language of Rule 23, which provides that, "[a]s soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained." It may be argued with plausibility that this language contemplates an interim determination on the standing of the plaintiff to represent the class prior to any final determination on his individual claim. Whether such interim determination, essential to the maintenance of the class action, requires a finding of a substantial possibility that the plaintiff will be able to succeed on his individual claim on the merits, as is indicated in Blecher, Is the Class Action Rule Doing the Job? 55 F.R.D. 365, 370 (1972), or merely that plaintiff's individual claim is not frivolous, as the Eighth Circuit seems to hold in Parham v. Southwestern Bell Telephone Co. (8th Cir. 1970) 433 F.2d 421, 428, is an issue that need not be determined here. The District Court has concluded that the plaintiff has no valid individual claim. That conclusion we have already found is binding on appeal. A party, such as the plaintiff, who has been finally adjudged not to be a member of the class he seeks to represent, it is urged, is hardly a proper representative to present the claims of such class. *See* Heard v. Mueller Company, *supra,* 464 F.2d at 193; Bradley v. Southern Pacific Company (D.C.Tex.1970) 51 F. R.D. 14, 15; Burney v. North American Rockwell Corporation (D.C.Cal.1969) 302 F.Supp. 86, 90–91; Note, Class Actions and Employment Discrimination Under Title VII of the Civil Rights Act of 1964, 43 Miss.L.J. 275, 283 (1972).[3] It has been suggested that it would be inappropriate in that situation to remand the class action to the District Court to permit a party to prosecute an action in behalf of a class of which he

---

2. *See, also,* Butler v. Local No. 4 and Local No. 269, Laborers' Int. U. (D.C.Ill. 1969) 308 F.Supp. 528, 533–534, 8 A.L.R. Fed. 452; Hyatt v. United Aircraft Corp., Sikorsky Aircraft, Div. (D.C.Conn. 1970) 50 F.R.D. 242, 246, n. 4; Hart v. Buckeye Industries, Inc. (D.C.Ga. 1968) 46 F.R.D. 61, 62–63.

3. Apparently, a similar result was reached in Dolgow v. Anderson (D.C.N.Y.1971) 53 F.R.D. 664, 668, but when the individual claim in that case was reversed, the Court reversed the order dismissing the class action. Dolgow v. Anderson (2d Cir. 1971) 438 F.2d 825, 830.
   *See, also,* Mintz v. Mathers Fund, Inc. (7th Cir. 1972) 463 F.2d 495, 499:

"Before one may successfully institute a class action, it is, of course, necessary generally that he be able to show injury to himself in order to entitle him to seek judicial relief. * * * A plaintiff who is unable to secure standing for himself is certainly not in a position to 'fairly insure the adequate representation' of those alleged to be similarly situated. In short, a predicate to a party's right to represent a class is his eligibility to sue in his own right. What he may not achieve himself, he may not accomplish as a representative of a class. Kauffman v. Dreyfus Fund, Inc., 434 F.2d 727 (3 Cir. 1970)."

has already been adjudged not to be a member. However, affirmance of a dismissal of the class action on that ground would not foreclose any subsequent action on the part of any other party with standing to prosecute an action charging illegal discrimination. Recognizing the difficulties in this situation and conceding that the defendant has, in his view, taken commendable action to avoid future discrimination, counsel for the plaintiff has stated that as a possible alternative remedy, the Court might remand the class action to the District Court, with instructions that the class action be retained on the docket for a reasonable time to permit the presentation of any proper claims for further relief under such class action. No substantial prejudice to the defendant is perceived in granting such request. The class action will accordingly be remanded to the District Court with such instructions. Should no proper claims for further relief be presented within a reasonable time, the District Court shall strike the class action from the calendar and enter a final dismissal thereof.

Affirmed in part and remanded with instructions.