**Donald MORRIS, Plaintiff,**

v.

**C. GULLEY, Property Officer, West Virginia Penitentiary, Defendant.**

**Civ. A. No. 81–0372–E(H).**

United States District Court,
N. D. West Virginia,
Elkins Division.

Dec. 10, 1981.

Donald Morris, pro se.

Chauncey H. Browning, Jr., Atty. Gen. of W. Va., Charleston, W. Va., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, District Judge.

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, against the Property Officer of the West Virginia Penitentiary to recover both compensatory and punitive damages for the alleged loss of Plaintiff's family photo album. Plaintiff petitions this Court for permission to proceed *in forma pauperis*. For the reasons set out below, this Court hereby DENIES Plaintiff's request to proceed *in forma pauperis* and hereby ORDERS that this action be DISMISSED.[1]

## I. PLAINTIFF'S ALLEGATIONS

On November 22, 1979, during a security shake-down at the West Virginia Penitentiary,[2] Plaintiff's personal property was confiscated and inventoried[3] so as to be mailed home to Plaintiff's mother. Sometime in October, 1981, Plaintiff called his mother to inquire whether she had ever received his personal property. She informed Plaintiff that she had never received his property. On October 22, 1981, Plaintiff wrote a letter to Warden Bordenkircher complaining that his mother had not received his property and requested that his photo album be returned to him.[4] On October 27, 1981, B. C. Clutter, Deputy Warden of Services, wrote to the Plaintiff and informed him that Plaintiff's property could not be found.[5]

---

1. In reaching this result, this Court has considered all of Plaintiff's allegations as true and has referred only to those allegations existing in Plaintiff's complaint. *Cf. Parker v. Rockefeller*, 521 F.Supp. 1013, 1014 (N.D.W.Va.1981).

2. The November, 1979, security shake-down has been the subject of much of the recent litigation in this Court.

3. Plaintiff has attached to his complaint an inventory sheet dated November 22, 1979,

which indicates that one multi-colored picture album was confiscated from the Plaintiff at that time.

4. Plaintiff has attached to the complaint his letter to Warden Bordenkircher dated October 22, 1981.

5. Plaintiff has attached to the complaint Deputy Warden Clutter's letter to Plaintiff dated October 27, 1981.

## II. PLAINTIFF'S ECONOMIC STATUS

■ Plaintiff has submitted a financial affidavit which indicates that Plaintiff has not been employed or received any income within the past year. Accordingly, this Court finds that Plaintiff is a pauper within the meaning of 28 U.S.C. § 1915(a) and hereby ORDERS that Plaintiff's complaint be DOCKETED.[6]

## III. PLAINTIFF'S CLAIM IS FRIVOLOUS WITHIN THE CONTEXT OF 28 U.S.C. § 1915(d)

■ 28 U.S.C. § 1915(d) provides in pertinent part that, "The court . . . may dismiss this case . . . if satisfied that the action is frivolous or malicious." In *Parratt v. Taylor,* 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), the Supreme Court held that a State prisoner does not state a cause of action under Section 1983 where he merely complains of the negligent loss of his personal property by State officials, provided State law provides an adequate post-deprivation remedy. In *Parker v. Rockefeller,* 521 F.Supp. 1013 (N.D.W.Va.1981), this Court held that the post-deprivation remedy available to State prisoners, who merely complain of a negligent loss of their property, in W.Va.Code § 14–2–13 satisfies the requirements of the Due Process Clause. In *Parker,* therefore, this Court concluded that a prisoner in the custody of the State of West Virginia does not state a cause of action under Section 1983 where he complains of nothing more than the negligent loss of his property by State officials.

In the case at bar, Plaintiff has made no allegations against Defendant, Gulley, which transcends mere negligence.[7] This Court concludes "beyond doubt", therefore, that Plaintiff is not entitled to relief under Section 1983 under any arguable construction of the complaint. As a result, this Court finds that Plaintiff's complaint is frivolous within the meaning of 28 U.S.C. § 1915(d). *Cf. Boyce v. Alizaduh, supra.*

Accordingly, this Court hereby ORDERS that this action be DISMISSED.

---

6. The two-step procedure followed in *Skeen* whereby the district court determines whether the plaintiff qualifies by economic status under § 1915(a), and then after allowing the complaint to be docketed upon the finding of economic justification, proceeds to the next step of determining whether the action stated in the complaint is 'frivolous or malicious' within § 1915(d) before permitting the issuance of process, is the very procedure . . . recommended by Judge Aldisert's committee in its '*Recommended Procedures For Handling Prisoner's Civil Rights Cases In the Federal Courts*' (Federal Judicial Center, Tentative Report No. 2, 1977).
   *Boyce v. Alizaduh,* 595 F.2d 948, 950 (4th Cir. 1979), *citing Farley v. Skeen,* 113 F.Supp. 736, 737 (N.D.W.Va.1953) (first case to adopt this two-step procedure in this circuit). *See generally Evans v. Croom,* 650 F.2d 521 (4th Cir. 1981).

7. This Court has reached this conclusion cognizant that *pro se* complaints are held to a less stringent standard of scrutiny than those drafted by attorneys. *See e. g. Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972).