**Daniel David HALE, Sr., Plaintiff,**

v.

**FIRST NATIONAL BANK OF KEY-STONE, et al, Defendants.**

**Civ. A. No. 83–1041.**

United States District Court,
S.D. West Virginia,
Bluefield Division.

April 8, 1983.

Daniel David Hale, Sr., pro se.

MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Plaintiff, an inmate at the West Virginia Penitentiary, brings this Section 1983 action against the First National Bank of Keystone and some of its officers and employees, as well as against one of its attorneys who was, coincidentally, the prosecutor at the Plaintiff's prior state criminal trial, seeking to recover monetary damages for the public sale of his personal property. Plaintiff petitions the Court for leave to prosecute this action *in forma pauperis.* For the reasons set out below, the Court hereby ORDERS that this action be *docketed at the Bluefield Division of the Court and dismissed. Cf., Morris v. Gulley,* 527 F.Supp. 322 (N.D.W.Va.1981).

I. *Plaintiff's Allegations*

On February 1, 1980, the Plaintiff executed a promissory note and security agreement with the Defendant Bank, whereby the Bank loaned him $31,032.38, securing said amount with a lien on, *inter alia,* the Plaintiff's 1971 house trailer and 1979 motor vehicle. Inasmuch as the Plaintiff has apparently become delinquent on his repayments, the Bank, through its attorney, notified the Plaintiff on March 26, 1982, that the aforementioned house trailer and motor vehicle would be sold at a public auction on April 13, 1982, pursuant to the provisions of

the February 1, 1980, security agreement.[1] In this Section 1983 action, the Plaintiff attacks the validity of the security agreement, as well as the propriety of the Defendant attorney's representation of the Bank when he had previously acted as the Prosecuting Attorney at the Plaintiff's prior criminal trial in the Circuit Court of McDowell County, West Virginia.

## II. *Plaintiff's Economic Status*

After having reviewed the Plaintiff's financial affidavit, the Court finds that the Plaintiff is currently a pauper within the meaning of 28 U.S.C. § 1915(a) and, accordingly, ORDERS that the Plaintiff's complaint be docketed at the Bluefield Division of the Court.

## III. *The Plaintiff's Claim is Frivolous Within the Context of 28 U.S.C. § 1915(d)*

28 U.S.C. § 1915(d) provides in pertinent part that, "The Court ... may dismiss the case ... if satisfied that the action is frivolous or malicious." In *Parratt v. Taylor,* the Supreme Court stated that:

"[I]n any § 1983 the initial inquiry must focus on whether the two essential elements of a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived the person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). In the case at bar, the Plaintiff's claims against the Defendant Bank and its officers and employees do not satisfy the threshold element of state action, since:

"[C]reditors availing themselves of local statutes to collect their credit and generally foreclose liens securing such credit do not act under 'color of state law' or become impressed with 'state action' so as to become civilly liable under 42 U.S.C.

§ 1983 because they may be private litigants or attorneys in state courts.... Even self-held [sic] acts by creditors authorized by state law are not covered by § 1983 ...."

*Nesglo, Inc. v. Chase Manhattan Bank,* 506 F.Supp. 254, 259 (D.P.R.1980) (citing cases). Similarly, the Plaintiff has not satisfied this first element [state action] with respect to his claim against the Bank's attorney who, coincidentally, was the Prosecuting Attorney at the Plaintiff's prior criminal trial in the Circuit Court of McDowell County, West Virginia, inasmuch as the Plaintiff is merely complaining of actions taken by that Defendant in his capacity as a private attorney for the Bank, as opposed to in his capacity as the Prosecuting Attorney of McDowell County, West Virginia.[2]

Accordingly, the Court concludes "beyond doubt" that the Plaintiff is not entitled to relief under Section 1983 under any arguable construction of the complaint. As a result, the Court finds that the Plaintiff's complaint is frivolous within the meaning of 28 U.S.C. § 1915(d) and ORDERS that this action be dismissed. *Cf., Boyce v. Alizaduh,* 595 F.2d 948 (4th Cir.1979).

---

1. *See, W.Va.Code,* § 46–9–501, *et seq.*

2. The Court takes judicial notice of the fact that the assessed valuation of real property in McDowell County in 1981 was $79,657,120. Accordingly, as the Prosecuting Attorney of a Class V county, *W.Va.Code,* § 7–7–3, the Defendant attorney is not prohibited from engaging in the private civil practice of law, in addition to his duties as a prosecuting attorney. *See W.Va.Code,* § 7–7–4.