**Donna L. MILLER, Plaintiff,**

v.

**WALKER DIVISION OF BUTLER MANUFACTURING COMPANY, INC., Defendant.**

**Civ. A. No. 83–A072.**

United States District Court, S.D. West Virginia, Parkersburg Division.

Jan. 16, 1984.

William L. Jacobs, Parkersburg, W. Va., for plaintiff.

William G. Powell, Renner, Everett & Powell, Parkersburg, W. Va., Jack D. Rowe, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

The female Plaintiff brings this action, pursuant to 42 U.S.C. §§ 1983 and 2000e–5(f), against her former employer seeking to recover, *inter alia*, equitable relief in the form of back pay and reinstatement to her former position, as well as compensatory and punitive damages. Currently pending before the Court is the Defendant's motion that the Court strike those portions of the complaint which (1) purport to state a cause of action under Section 1983, as well as the First and Fourteenth Amendments, (2) demand compensatory and punitive damages, (3) exceed the Plaintiff's claim that she was unlawfully discharged on the basis of her sex and, in particular, which extend to allegations of

the Defendant's sexual discrimination in "salary, promotion ... and equal treatment", and (4) demand a jury trial. For the reasons set out below, the Court hereby grants the aforementioned motion, filed July 6, 1983.

I. *The Plaintiff, Who Has Not Alleged Any "State Action" Has Neither Stated a Cause of Action Under Section 1983, Nor the First Nor Fourteenth Amendments*

■ In *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420 (1981), the Supreme Court stated that:

"In any § 1983 action the initial inquiry must focus on whether the two essential elements of a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived the person of rights, privileges, or immunities secured by the Constitution or laws of the United States."

The Court has likewise held that the First and Fourteenth Amendments are not violated unless the complained of conduct was "governmental action". *See Jackson v. Metropolitan Edison Co.,* 419 U.S. 345, 349, 95 S.Ct. 449, 452, 42 L.Ed.2d 477 (1974) (Fourteenth Amendment); *Central Hardward Co. v. NLRB,* 407 U.S. 539, 547, 92 S.Ct. 2238, 2243, 33 L.Ed.2d 122 (1972) (First Amendment). Inasmuch as the Plaintiff has not alleged any facts, which if taken as true, would support a finding that the Plaintiff's allegedly sexually discriminatory discharge by the Defendant, a private employer, was accomplished by "state/governmental action", the Court hereby ORDERS that the conclusory allegations contained in ¶ 8 of the Plaintiff's complaint be stricken from the complaint in this action. *See e.g., Armbruster v. Quinn,* 498 F.Supp. 858, 860 (E.D.Mich. 1980) *affirmed in pertinent part* 711 F.2d 1332, 1334 (6th Cir.1983).

II. *The Plaintiff is Not Entitled to Recover Compensatory and Punitive Damages Under The Remedial Provisions of Title VII, 42 U.S.C. § 2000e–5(g)*

■ Inasmuch as 42 U.S.C. § 2000e–5(g) only provides for equitable relief, such as back pay and reinstatement, a plaintiff is not entitled to recover compensatory and punitive damages in a sex discrimination action under Title VII. *See e.g., Moll v. Parkside Livonia Credit Union,* 525 F.Supp. 786, 791–93 (E.D.Mich.1981). *Accord Jeter v. Boswell,* 554 F.Supp. 946, 954 (N.D.W.Va.1983) (punitive damages). In an apparent effort to sidestep this well-settled rule of law, the Plaintiff's counsel has asserted in his memorandum in opposition to the Defendant's motion to strike the Plaintiff's prayer for compensatory and punitive damages that the Plaintiff is also seeking to recover for the Defendant's alleged breach of a contract with the Plaintiff that it would not discriminate against her on the basis of her sex. Were the Court to accept counsel's construction of the complaint, which makes absolutely no mention of such a contract, it would extend the concept of notice pleading to the absurd. Simply stated, the Plaintiff's complaint, once ¶ 8 has been stricken, only "notices" a cause of action under Title VII. Accordingly, the Court hereby ORDERS that the Plaintiff's prayer for compensatory and punitive damages be stricken from the complaint in this action.

III. *The Plaintiff's Allegations Concerning the Defendant's Alleged Sexual Discrimination In Salary, Promotion and Equal Treatment Exceed the Reasonably Expected Scope of The EEOC's Investigation*

■ On September 2, 1982, the Plaintiff filed an administrative complaint with the EEOC wherein she alleged that her former employer had discriminatorily discharged her on account of her sex on August 27, 1982.[1] After the EEOC issued the Plaintiff

---

**1.** *See* Exhibit A, attached to the Defendant's memorandum in support of its motion to strike,

a right to sue letter on February 22, 1983,[2] the Plaintiff instituted this action on May 24, 1983,[3] wherein she alleges in ¶ 7 of her complaint that "the defendant has consistently engaged in sex discrimination from the standpoint of salary, promotions, discharge and equal treatment." The Defendant moves the Court to strike those general allegations in ¶ 7 of the complaint which pertain to sexual discrimination in "salary, promotions ... and equal treatment", inasmuch as they exceed "the 'scope' of the investigation which can reasonably be expected to grow out of the [administrative] charge of discrimination." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970); *Chisholm v. U.S. Postal Service*, 665 F.2d 482, 491 (4th Cir.1981). Inasmuch as the Plaintiff's administrative charge only pertained to her allegedly discriminatory discharge, the Court finds that it does *not* have subject matter jurisdiction over her additional allegations that "the defendant has consistently engaged in sex discrimination from the standpoint of salary, promotions ... and equal treatment" which are beyond the reasonably expected scope of the EEOC's investigation of her administrative charge. Accordingly, the Court hereby ORDERS that these allegations be stricken from the complaint in this action. *See Carrillo v. Illinois Bell Telephone Co.*, 538 F.Supp. 793 (N.D.Ill.1982).

IV. *A Title VII Plaintiff Does Not Have a Right To a Jury Trial Under the Seventh Amendment*

 Inasmuch as Title VII "expressly authorizes only equitable remedies, the courts have consistently held that neither party has a right to a jury trial." *Great American Federal Savings and Loan Association v. Novotny*, 442 U.S. 366, 375, 99 S.Ct. 2345, 2350, 60 L.Ed.2d 957 (1979) (cit-

ing cases at n. 19); *Moll v. Parkside Livonia Credit Union*, 525 F.Supp. 786, 793–94 (E.D.Mich.1981). Accordingly, the Court hereby ORDERS that the Plaintiff's demand for a jury trial be stricken from the complaint in this action.[4]

filed July 6, 1983.

2. *See* Exhibit C, attached to the Defendant's memorandum in support of its motion to strike, filed July 6, 1983.

3. *Cf.,* 42 U.S.C. § 2000e–5(f)(1).

4. While the Court may, in the exercise of its discretion, impanel an advisory jury in a Title

VII action, *Cox v. Babcock & Wilcox Co.*, 471 F.2d 13–14 (4th Cir.1972), it has concluded that the use of an advisory jury would not be appropriate in this action since "the use of an advisory jury as provided by *Rule* 39(c) should be sparingly exercised in discrimination cases ...." *Id.* at 14.