Larry **WELLMAN**, Plaintiff,

v.

**WILLIAMSON DAILY NEWS, INC.,**
**et al.**, Defendants.

**Civ. A. No. 83–3168.**

United States District Court,
S.D. West Virginia,
Huntington Division.

April 13, 1984.

---

Larry Wellman, pro se.

Rudolph L. DiTrapano, Charleston, W.Va., for defendants.

### MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

#### I. *Background*

The *pro se* Plaintiff, Larry Wellman, brings this action pursuant to 42 U.S.C. § 1983 against the Williamson Daily News, Inc., its president and publisher, Louis P. Harvath, III, and its editor, Wally Warden. Plaintiff alleges that the Daily News, "under the leadership" of Warden carried out a campaign of "personal attacks" against him during his tenure as president of the Williamson Fraternal Order of Police. Plaintiff complains that he was the subject of a series of one-sided stories published in the Daily News concerning Plaintiff's arrest on a battery warrant and Plaintiff's allegations of local police corruption. The complaint alleges the Daily News has refused to print the facts concerning these matters and, rather than joining Plaintiff in his request for a "state level grand jury investigation", the newspaper instead has printed stories derogatory to Plaintiff. Plaintiff avers that he has been repeatedly defamed by the Daily News' biased reporting and requests monetary damages and injunctive relief. This action is now before the Court on Defendants' motion to dismiss for lack of jurisdiction over the subject matter and for Plaintiff's failure to state a claim upon which relief can be granted. *See Rules* 12(b)(1) and (6) of the Federal Rules of Civil Procedure.

**1.** In so deciding the Court has considered only the Plaintiff's complaint and has accepted as true all the allegations of fact set forth therein. *See Mims v. Kemp,* 516 F.2d 21 (4th Cir.1975). Further, the Court has reached its decision herein cognizant of the less stringent standard of scrutiny to be given *pro se* complaints and has reviewed Plaintiff's complaint with the forgiving

#### II. *Section 1983 Claim*

[1] When scrutinizing an action brought pursuant to Section 1983, the Court "must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1913, 68 L.Ed.2d 420 (1981). *See also Adickes v. S.H. Kress and Co.,* 398 U.S. 144, 150, 90 S.Ct. 1598, 1604, 26 L.Ed.2d 142 (1970); *Miller v. Walker Division of Butler Mfg. Co., Inc.,* 577 F.Supp. 948, 950 (S.D.W.Va.1984). After having carefully reviewed Plaintiff's complaint, the Court is satisfied that Plaintiff has not stated a cause of action for which relief can be granted inasmuch as he has not pled either one of these two essential elements of a § 1983 claim.[1] Therefore, the Court will grant Defendants' motion to dismiss.

#### A. *Color of State Law Requirement.*

Manifestly, the publication of a newspaper does not involve "state action". *See e.g., Chicago Joint Board, Amalgamated Clothing Workers of America v. Chicago Tribune Co.,* 435 F.2d 470 (7th Cir.1970) *cert. denied* 402 U.S. 973, 91 S.Ct. 1662, 29 L.Ed.2d 138 (1971); *Cyntje v. Daily News Publishing Co.,* 551 F.Supp. 403 (D.V.I. 1982); *Cook v. Advertiser Co.,* 323 F.Supp. 1212 (M.D.Ala.1971) *affirmed* 458 F.2d 1119 (5th Cir.1972). Plaintiff's assertion that the Daily News operates under color of law because it enjoys the protection afforded the press by the First Amendment is totally devoid of merit. The First Amendment has just the opposite effect than that ascribed to it by Plaintiff. The

eye required when construing *pro se* pleadings. *See Cruz v. Beto,* 405 U.S. 319, 92 S.Ct. 1079, 31 L.Ed.2d 263 (1972); *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Vinnedge v. Gibbs,* 550 F.2d 926 (4th Cir.1977); *Morris v. Gulley,* 527 F.Supp. 322, 324 n. 7 (N.D.W.Va.1981).

First Amendment applies to and restricts "only the Federal Government and not private persons". *Public Utilities Commission v. Pollak*, 343 U.S. 451, 461, 72 S.Ct. 813, 820, 96 L.Ed. 1068 (1952). It specifically prevents governmental control over the press:

> "A newspaper is more than a passive receptable or conduit for news, comment, and advertising. The choice of material to go into a newspaper and the decisions made as to limitations on the size and content of the paper, and treatment of public issues and public officials—whether fair or unfair—constitute the exercise of editorial control and judgment. It has yet to be demonstrated how governmental regulation of this crucial process can be exercised consistent with the First Amendment guarantees of a free press as they have evolved to this time."

*Miami Herald Publishing Co. v. Tornillo*, 418 U.S. 241, 258, 94 S.Ct. 2831, 2840, 41 L.Ed.2d 730 (1974) (footnote omitted).

 As the above quoted passage makes clear, rather than serving to imbue a newspaper's conduct with the color of law, the First Amendment operates to preclude any such governmental action to interfere with a newspaper's editorial decision.[2]

### B. *Constitutional Deprivation.*

 In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976) the United States Supreme Court held that a Plaintiff's charge of defamation, "standing alone and apart from any other governmental action with respect to him," does not state a claim for relief under Section 1983 and the Fourteenth Amendment. Inasmuch as the Court has already determined there is no governmental action involved here, it follows from the Supreme Court's opinion in *Paul v. Davis*, that, at best, Plaintiff's complaint alleges only a state tort action for defamation.[3] After carefully considering this matter, the Court is of the opinion that it would be inappropriate to exercise pendent jurisdiction over Plaintiff's state tort claims. This is the result required by *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) wherein the Supreme Court stated that: "If the federal claims are dismissed before trial even though not insubstantial in a jurisdictional sense, the state claim should be dismissed as well." Having dismissed Plaintiff's federal claim, and not having addressed the merits of Plaintiff's potential state claim, the Court deems it appropriate to decline to exercise jurisdiction over any state defamation action Plaintiff may have. *See Jones v. Taibbi*, 508 F.Supp. 1069 (D.Mass.1981).

### III. *Conclusion*

For the reasons discussed above, the Court concludes that Plaintiff has failed to state a cause of action pursuant to 42 U.S.C. § 1983 and, therefore, dismisses with prejudice Plaintiff's complaint for relief under that statute. To the extent Plaintiff's complaint may be construed to

---

2. This concept is succinctly stated by Justice White in his concurring opinion in *Tornillo:* "According to our accepted jurisprudence, the First Amendment erects a virtually insurmountable barrier between government and the print media so far as government tampering, in advance of publication, with news and editorial content is concerned." 418 U.S. at 259, 94 S.Ct. at 2840 (White, J. concurring) *citing New York Times Co. v. United States*, 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971).

3. Additionally, to the extent Plaintiff is seeking relief from the Daily News' allegedly one-sided coverage of certain stories, Plaintiff is simply without redress. As Justice White observed in *Tornillo*, this is a "risk" inherent in a free press: "Of course, the press is not always accurate, or even responsible, and may not present full and thorough debate on important public issues. But the balance struck by the First Amendment with respect to the press is that society must take the risk that occasionally debate on vital matters will not be comprehensive and that all viewpoints would not be expressed. The press would be unlicensed because, in Jefferson's words, '[w]here the press is free, and every man able to read, all is safe.' Any other accommodation—any other system that would supplant private control of the press with the heavy hand of government intrusion—would make the government the censor of what the people may read and know." 418 U.S. at 260, 94 S.Ct. at 2841.

allege a state tort action for defamation, Plaintiff's complaint is dismissed without prejudice to Plaintiff's right to file suit in the appropriate state forum.