**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MAGGIE A. BROWN,
<u>Plaintiff-Appellant,</u>

v.

TOWN OF CHAPEL HILL, NORTH
CAROLINA; LOIS J. MAGNELL,

No. 95-1247

individually and in her official
capacity as Transportation
Department Operations
Superintendent,
<u>Defendants-Appellees.</u>

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
Frank W. Bullock, Jr., Chief District Judge.
(CA-93-497-1)

Submitted: November 28, 1995

Decided: March 19, 1996

Before ERVIN, WILKINS, and NIEMEYER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Daniel F. Read, Durham, North Carolina, for Appellant. Randall M.
Roden, Daniel W. Clark, THARRINGTON & SMITH, Raleigh,
North Carolina, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Maggie Ann Brown appeals from the district court's order of judgment in favor of Defendant in her racial discrimination suit brought under Title VII, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994). We find no reversible error by the district court; therefore, we affirm.

Brown, who is African-American, works for the Town of Chapel Hill as a bus driver. She applied for a Bus Driver II position posted internally by the Department of Transportation. The Department selected a white applicant for the job. After unsuccessfully pursuing a grievance with the Town, Brown filed a complaint with the Equal Employment Opportunity Commission (EEOC). The EEOC found no evidence of racial bias in the promotion decision and notified Brown of her right to sue. Brown then filed her present action. A jury found that she was not a victim of unlawful discrimination, and the district court entered judgment in accordance with the verdict. Brown noted her appeal.

Brown contends that the trial court improperly described certain witness testimony as "speculative." Specifically, Brown refers to the testimony of her fifth witness, Anita Hackney, another African-American bus driver. Brown's counsel asked Hackney about statements made by Superintendent Lois Magnell referring to her as one of "you people." Brown and two other witnesses testified that they understood Magnell's use of "you people" to describe African-Americans in a derogatory manner. The court remarked that Hackney's perception of Magnell's intent in referring to her in this manner would be "speculative."

Brown lodged no contemporaneous objection to the judge's aside. This court will not ordinarily consider grounds of objection not made in the trial court. United States v. Anderson , 481 F.2d 685, 694 (4th

2

Cir. 1973), aff'd, 417 U.S. 211 (1974). In the absence of plain error, a party's failure to object contemporaneously to an evidentiary ruling waives her right to review. Fed. R. Evid. 103(a)(1), (d).

We find no such error in this case. Federal trial judges are entitled to comment upon, explain, or emphasize certain evidence to the jury. Quercia v. United States, 289 U.S. 466, 469 (1933). The judge "may express his opinion upon the facts, provided he makes it clear to the jury that all matters of fact are submitted to their determination." Id. However, the judge may not "distort" evidence,"add to it," or offer unsupported conjecture as fact. Id. at 470. Here, the judge's comment was isolated and fairly characterized the inherent nature of the evidence. The judge did not prevent Brown's witnesses from explaining their reading of Magnell's comments. Moreover, the trial judge clearly instructed the jury at the close of the trial that they were the ultimate arbiters of fact and were to "disregard anything [he] may have said during the trial in arriving at [their] findings as to the facts." (R. Vol. 4 at 3-5); see United States v. Duncan , 598 F.2d 839, 864 (4th Cir.), cert. denied, 444 U.S. 871 (1979). Brown's claim of impropriety by the trial court is meritless.

Brown's remaining claims concern the use of certain evidence at trial. We review a district court's evidentiary and procedural rulings for abuse of discretion. Persinger v. Norfolk & W. Ry., 920 F.2d 1185, 1189 (4th Cir. 1990); Gill v. Rollins Protective Servs. Co., 836 F.2d 194, 196 (4th Cir. 1987). Brown asserts that the district court erred in admitting into evidence two hearsay memoranda written by Magnell, who did not testify at trial due to illness. The first memorandum, Exhibit 19, is a list of the hiring criteria for the advertised Bus Driver II position, dated August 24, 1992, addressed to Personnel Analyst Betsy Harris. The second challenged document, Exhibit 29, is addressed to Director of Transportation Robert Godding and contains Magnell's hiring recommendation and her item-by-item analysis of each applicant's rating on the criteria listed in Exhibit 19.* Counsel noted timely objections to both documents at trial.

Brown asserts that the district court abused its discretion in admitting these documents under the business records exception to the

_____

*Magnell listed Appellant as her second choice for the promotion.

3

hearsay rule. See Fed. R. Evid. 803(6). She suggests that they were prepared after-the-fact as a means of legitimating Magnell's discriminatory actions. In addition, Brown asserts that these memoranda are by their nature insufficiently trustworthy to fall within the hearsay exception contemplated by Rule 803(6). Brown notes that the documents are not date-stamped, are computer printouts rather than business forms, and are not signed or dated by hand.

Magnell's memoranda were prepared out of court and were offered by the defense to prove the truth of the contents. Therefore they are hearsay. Fed. R. Evid. 801(c). However, Rule 803(6) provides that certain records kept in the ordinary course of business are admissible as an exception to the hearsay rule. The nature of the records may be established by a "qualified witness," who has sufficient knowledge of the record-keeping system and the creation of the contested record to establish their trustworthiness. Fed. R. Evid. 803(6); see Elizarraras v. Bank of El Paso, 631 F.2d 366, 374 n.24 (5th Cir. 1980). The Seventh Circuit has held that employee disciplinary records are admissible as business records in a Title VII action. Coates v. Johnson & Johnson, 756 F.2d 524, 549-50 (7th Cir. 1985); cf. Paxton v. Union Nat'l Bank, 688 F.2d 552, 567 (8th Cir. 1982) (giving weight to defendant's "employment records which listed the reason why each employee with less than two years of service had been discharged"), cert. denied, 460 U.S. 1083 (1983).

We find that the district court did not abuse its discretion in admitting these exhibits. Town Personnel Director Pat Thomas's description of the Town's personnel practices and her familiarity with the exhibits show that, unlike accident reports prepared with an eye toward litigation, these records were "routine reflections of the day to day operations" of the Town's personnel and transportation departments. Palmer v. Hoffman, 318 U.S. 109, 114 (1943). Although the truthfulness of documentation can always be called into question, such possibilities are insufficient to discredit the district court's finding that these memoranda were sufficiently trustworthy as a routine part of Town hiring practices to come in under the Rule.

Brown also raises the issue of authenticity of the documents in noting that they are merely computer printouts, rather than signed or stamped forms. However, "[p]rovided a proper foundation is laid,

4

computer-generated evidence is no less reliable than original entry books and should be admitted under the exception." JOHN W. STRONG ET AL., MCCORMICK ON EVIDENCE § 294 (4th ed. 1992); United States v. Vela, 673 F.2d 86, 90 (5th Cir. 1982). Moreover, Thomas clarified that internal documents were generally not stamped. We find Thomas's testimony sufficient to establish that the memoranda offered as exhibits were those submitted by Magnell and were, therefore, authentic. See Rosenberg v. Collins , 624 F.2d 659, 665 (5th Cir. 1980).

Brown faults the district court for honoring the jury's request to submit the EEOC's determination letter into the jury room during deliberations. Brown concedes that the submission of the EEOC determination letter to the jury was within the discretion of the trial judge. Chandler v. Roudebush, 425 U.S. 840, 863 n.39 (1976); Cox v. Babcock & Wilcox Co., 471 F.2d 13, 15 (4th Cir. 1972). Nothing in the judge's statements on the record indicate that his decision was based upon a misunderstanding of the law or was otherwise erroneous. Brown did not object to the document's admission into evidence, and we find no abuse of discretion in sending it into the jury room.

For the reasons discussed above the district court's judgment in favor of Defendant is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED