**David LEGARD, Plaintiff,**

v.

**Gordon R. ENGLAND, Secretary of the Navy, Defendant.**

**No. 402CV10.**

United States District Court, E.D. Virginia, Newport News Division.

Nov. 13, 2002.

4. The Court finds that there was no forum selection clause to consider in its inquiry.

James H. Shoemaker, Jr., Patten, Wornom, Hatten & Diamonstein, Newport News, VA, for plaintiff.

Kent P. Porter, Assist. U.S. Atty., Norfolk, VA, for defendant.

## *FINAL ORDER*

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on defendant's motion to dismiss or, in the alternative, for summary judgment.

Plaintiff David Legard filed this complaint on February 6, 2002, alleging employment discrimination based on Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991. On May 31, 2002, defendant filed a motion to dismiss or, in the alternative, for summary judgment. The matter was referred to a United States Magistrate Judge by order of August 1, 2002, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. A hearing was conducted on September 12, 2002, and Magistrate Judge Bradberry issued his Report and Recommendation ("Report") on September 25, 2002.

The magistrate judge recommended that defendant's motion for summary judgment be granted. By copy of the Report, the parties were advised of their rights to file written objections thereto. On October 7, 2002, plaintiff filed objections to the Report. Defendant filed a response the same day.

If a party serves and files written objections to the magistrate judge's Report and Recommendation, the district judge is required to make a *de novo* determination of those portions of the report to which an objection is made. The court may affirm, reject, or modify the magistrate judge's recommendation. *See* 28 U.S.C. § 636(b)(1). The court has thoroughly reviewed the record, and the issues have been fully briefed by the parties. The matter is therefore ripe for determination.

After independently examining the objections to the Report and Recommendation, this court finds *de novo* that plaintiff's objections are without merit. The court, therefore, adopts and approves in full the findings and recommendations set forth in the Report and Recommendation of the United States Magistrate Judge filed September 25, 2002. Accordingly, defendant's motion for summary judgment is **GRANTED**.

The Clerk shall forward a copy of this Opinion and Order to all counsel of record for the parties.

**IT IS SO ORDERED.**

## *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

Bradberry, United States Magistrate Judge.

This matter is before the Court on defendant's motion to dismiss, or in the alternative, for summary judgment. On February 6, 2002, plaintiff instituted an employment discrimination action based on Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, in the Eastern District of Virginia, Newport News Division. On May 31, 2002, defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment, and plaintiff timely responded thereto. On September 12, 2002, this matter came on for hearing. For the reasons

which follow, defendant's motion for summary judgment should be GRANTED.

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia by order of reference entered August 1, 2002. The Court has original jurisdiction in this action pursuant to 28 U.S.C. § 1331.

## I. STATEMENT OF THE CASE

### A. Background

Plaintiff is a Muslim of Middle Eastern descent.[1] At the time of his complaint, plaintiff was employed at the Yorktown Naval Weapons Station in Yorktown, Virginia, as a GS–11 engineer.

In 1997, plaintiff filed two formal complaints of discrimination with the Equal Employment Opportunity Commission (EEOC). On December 2, 1998, a hearing on the complaints was held before an administrative law judge (ALJ). The issues addressed at the administrative level were as follows:

1. Whether plaintiff was discriminated against based on national origin or religion when his requests to be assigned as project engineer were denied;

2. Whether plaintiff was discriminated against based on national origin, religion, or in reprisal[2] for participation in protected EEO activity when he received a performance rating of "Fully Successful" on June 5, 1997; and

3. Whether plaintiff was discriminated against based on religion or in reprisal

for participating in prior EEO activity when he was denied NOVELL training on August 5, 1997.

The ALJ found that plaintiff was discriminated against "when his requests to be assigned as a Project Engineer were denied and when he received a summary performance rating of 'Fully Successful.' " However, the ALJ concluded that plaintiff did not establish "that he was discriminated against when he was denied NOVELL network training."

The ALJ awarded the following relief:

1. Plaintiff's employment record should reflect that he was a project engineer from 1995 until 1997;

2. Plaintiff's performance appraisal for the period of April 1, 1996, through March 31, 1997, should be changed from "Fully Successful" to "Exceeds Fully Successful";

3. Defendant should pay plaintiff's attorney's fees totaling Eleven Thousand Six Hundred Ten and 00/100 Dollars ($11,610.00);

4. Defendant should pay plaintiff Ten Thousand and 00/100 Dollars ($10,-000.00) in nonpecuniary compensatory damages; and

5. Defendant should post a notice to employees in a conspicuous place for sixty (60) days informing employees of their right to be free of unlawful discrimination and assurance that discrimination based on national origin, religion, and in reprisal for prior EEO complaint activity will not recur.

On November 9, 2002, defendant fully implemented the ALJ's order pursuant to 29 C.F.R. § 1614.110(a)[3]. By December 19, 2001, defendant had satisfied three of the five awards. More specifically, defen-

---

**1.** Plaintiff's national origin is Iranian.

**2.** Plaintiff had not claimed reprisal discrimination in his original allegations, but the ALJ interpreted his claim to include it.

**3.** 29 C.F.R. § 1614.110(a) states, in pertinent

dant had changed plaintiff's personnel file to reflect the new performance rating and the project engineer title, and defendant had posted a conspicuous notice to employees. Defendant satisfied the remaining two awards after plaintiff filed the present action but before plaintiff had served defendant. However, plaintiff returned his check for compensatory damages to defendant on March 26, 2002, and suggests that his original attorney[4] is willing to return attorney's fees which have been paid. Alternatively, plaintiff states that he is willing to post a bond to indemnify defendant against loss if the attorney's fees are not repaid.

On February 6, 2002, plaintiff instituted an employment discrimination action based on Title VII of the Civil Rights Act of 1964 and the Civil Rights Act of 1991, in the Eastern District of Virginia, Newport News Division. Plaintiff's complaint alleges that:

1. Plaintiff was denied promotions because of his religion and national origin;[5]

2. Plaintiff was denied promotions in retaliation for his complaints of discrimination against defendant; and

3. Plaintiff was subjected to religious and national origin harassment.[6]

On May 31, 2002, defendant filed a motion to dismiss, or in the alternative, a motion for summary judgment. Defendant alleges that his motion should be granted because plaintiff did not exhaust his administrative remedies. Defendant also alleges that plaintiff cannot pursue new remedies at the district court level when defendant has already satisfied the remedies awarded at the administrative level. Plaintiff responded in opposition, asserting that he had exhausted his administrative remedies and that he was not, in effect, attempting to pick and choose the relief he desired and sue for the remainder. The issues were argued before the Court on September 12, 2002, and the matter is now ripe for consideration.

### B. Issues

The following issues remain to be resolved:

1. Has plaintiff exhausted his administrative remedies with respect to his present claims? and

2. Even if plaintiff has exhausted his administrative remedies with respect to his present claims, does the Court have jurisdiction to decide plaintiff's claim when all of the administrative relief has already been tendered to plaintiff?

### II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

#### A. Motion for Summary Judgment Standard

As set forth in Rule 56 of the Federal Rules of Civil Procedure, summary judg-

---

part:

When an administrative judge has issued a decision under § 1614.109(b), (g) or (i), the agency shall take final action on the complaint by issuing a final order within 40 days of receipt of the hearing file and the administrative judge's decision. The final order shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge and shall contain notice of the complainant's right to appeal to the Equal Employment Opportunity Commission, the right to file a civil action in federal district court, the name of the proper defendant in any such lawsuit and the applicable time limits for appeals and lawsuits.

**4.** Plaintiff was represented by a different counsel at the administrative level.

**5.** Plaintiff's original complaint also included race. Plaintiff dropped his race claims in his response to defendant's present motion.

**6.** *Id.*

ment is appropriate when the moving party can show by affidavits, depositions, admissions, answers to interrogatories, the pleadings, or other evidence, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). Rule 56 mandates entry of summary judgment against a party who "after adequate time for discovery and upon motion ... fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The moving party is not entitled to summary judgment if there is a genuine issue of material fact in dispute. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A genuine issue of fact exists if a reasonable jury could return a verdict for a nonmoving party. *See id.* In other words, summary judgment appropriately lies only if there can be but one reasonable conclusion as to the verdict. *See id.*

Finally, as the Fourth Circuit explained,

[W]e must draw any permissible inference from the underlying facts in the light most favorable to the party opposing the motion. Summary judgment is appropriate only where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, such as where the non-moving party has failed to make a sufficient showing on an essential element of the case that the non-moving party has the burden to prove.

*Tuck v. Henkel Corp.,* 973 F.2d 371, 374 (4th Cir.1992) (citations omitted).

### B. Defendant is Entitled to Summary Judgment

#### 1. *Plaintiff has not exhausted his administrative remedies.*

█ A plaintiff must exhaust his administrative remedies with the EEOC before he has standing to sue under Title VII. *Smith v. First Union Nat'l Bank,* 202 F.3d 234, 247 (4th Cir.2000). Essentially, "the EEOC charge defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Md., Inc.,* 288 F.3d 124, 132 (4th Cir.2002) (citing *Smith,* 202 F.3d at 247). As such, for proper review of administrative proceedings, "only those discrimination claims stated in the initial charge, those reasonably related to the original complaint, and those developed by reasonable investigation of the original complaint may be maintained in a subsequent Title VII lawsuit." *Evans v. Technologies Applications & Serv.,* 80 F.3d 954, 963 (4th Cir.1996).

Plaintiff properly raised his complaints at the administrative level, and the ALJ addressed plaintiff's claims. The issues addressed by the ALJ included whether plaintiff was discriminated against when defendant did not designate him as a "Project Engineer" because of his religion or national origin; whether plaintiff was discriminated against when defendant gave him a performance rating of "Fully Successful," as opposed to "Exceeds Fully Successful," because of his religion or national origin or in reprisal for prior EEO complaints; and whether plaintiff was discriminated against when defendant denied him NOVELL training. In contrast, plaintiff's present complaint claims that he was denied promotions based on his religion and national origin, that he was denied promotions in retaliation for his complaints to the EEOC, and that he was subjected to religious and national origin harassment. Plaintiff has not exhausted

his administrative remedies with respect to these claims since they were not addressed at the administrative level. Therefore, plaintiff lacks standing before the Court.

### a. *Promotion claims*

█ Counts I and II of plaintiff's complaint allege that defendant discriminated against plaintiff by denying him promotions. At the administrative level, the ALJ investigated whether plaintiff was discriminated against when he was denied a "Project Engineer" title and NOVELL training, as well as when he received a lower performance rating than he expected.

The ALJ found that a "Project Engineer" designation does not yield higher pay or higher grade classification. The ALJ also found that plaintiff did not need NOVELL training for his specific job. Likewise, no evidence exists that a lower performance rating affects the pay or grade of an individual employed at Yorktown Naval Weapons Station. Accordingly, although one may argue that these three things—designation as a "Project Engineer," denial of NOVELL training, and a lower performance rating—affect an individual's chances of promotion, they do not fall within the ambit of "promotion." *See generally Lawson v. Burlington Indus.*, 683 F.2d 862, 863–64 (4th Cir.1982) (affirming lower court's determination of untimeliness because charge of illegal layoff does not encompass allegations of illegal failure to rehire); *Miller v. Walker Div. of Butler Mfg. Co.*, 577 F.Supp. 948, 951 (S.D.W.Va.1984) (rejecting sex discrimination claims regarding salary, promotions, and equal treatment where EEOC charge only alleged sex discrimination in discharge). More specifically, they do not directly affect the pay or grade of an individual employee. As such, plaintiff's present claims of promotion denial are not "reasonably related to the original complaint," and they exceed the scope of

the investigation that "can reasonably be expected to follow the [administrative] charge of discrimination." *Evans*, 80 F.3d at 963; *Chisholm v. U.S. Postal Serv.*, 665 F.2d 482, 491 (4th Cir.1981).

The Court find that Counts I and II were not properly raised at the administrative level. Therefore, plaintiff lacks standing for failure to exhaust his denial of promotion claims.

### b. *Harassment and hostile work environment claim*

█ Plaintiff did not directly allege harassment or a hostile work environment in his EEOC complaint. As such, the issue is whether plaintiff exhausted these claims at the administrative level. In similar cases, the Fourth Circuit and its district courts have held that harassment or hostile work environment claims exceed the scope of administrative discrimination claims. *See Evans*, 80 F.3d at 963 (holding that plaintiff could not maintain sexual harassment claim when original claim was based solely on gender discrimination); *Bailey v. Charlotte–Mecklenburg Bd. of Educ.*, 2001 WL 1019736, at *10 (W.D.N.C. Apr.3, 2001) (holding that harassment and hostile work environment claims not reasonably related to original ADA and ADEA claims); *Emmons v. Rose's Stores, Inc.*, 5 F.Supp.2d 358, 363 (E.D.N.C.1997) (holding that alleged incidents of harassment not reasonably related to original claims of sexual discrimination and unequal pay); *Nicol v. Imagematrix, Inc.*, 767 F.Supp. 744, 754 (E.D.Va.1991) (holding that claims of sexual harassment and sexually hostile work environment beyond scope of administrative charge of pregnancy discrimination).

█ Nevertheless, plaintiff alleges that issues of harassment and hostile work environment sufficiently arose at the administrative level through admission of an investigative report and plaintiff's affidavit

(each detailing ethnic jokes and epithets directed toward plaintiff). The Court disagrees. Although the administrative record contains evidence of ethnic slurs directed toward plaintiff, the ALJ did not address whether such slurs constituted harassment or a hostile work environment.[7] Rather, the ALJ used the evidence to conclude that plaintiff suffered reprisal discrimination and to demonstrate animus felt by plaintiff's supervisor. In fact, in making her determination on liability, the ALJ stated: *"While the statements made might not rise to an actionable level of harassment, and in fact [plaintiff] has not alleged a hostile working environment,* [the failure of plaintiff's supervisor] to take any action shows an animus towards an employee of a different national origin and religion,"* (emphasis added). Thus, plaintiff lacks standing for failure to exhaust claims of harassment or hostile work environment at the administrative level.

### 2. *The Court lacks subject matter jurisdiction.*

■ Even if plaintiff had exhausted his remedies at the administrative level, this Court would still lack subject matter jurisdiction over plaintiff's case. The Court is without jurisdiction to review plaintiff's compensatory damages award when plaintiff has already accepted the other relief granted at the administrative level. *See*

*Miller v. Peters,* CA No. 00–480–A (E.D. Va. June 9, 2000) (Bryan, Jr., J.).

A plaintiff who prevails at the EEOC level "may petition the [EEOC] for enforcement" of its decision, if the plaintiff believes "that the agency is not complying with the decision." 29 C.F.R. § 1614.503. Additionally, a plaintiff may either: "(1) file a civil action to enforce compliance with the order before or after an administrative petition for enforcement, or (2) file a *de novo* civil action on the underlying discrimination claim." *Clegg v. West,* 1997 WL 1168697 (E.D.Va. Oct.20, 1997) (Brinkema, J.) (citing 29 C.F.R. §§ 1614.408, 1614.503(g)).

Defendant adopted the suggested remedies in the ALJ's final order dated November 9, 2001, and defendant satisfied the three injunctive portions of the relief by December 19, 2001. Defendant satisfied the other two awards—compensatory damages and attorney's fees—after plaintiff filed the present action but before plaintiff had served defendant. Plaintiff returned the check for compensatory damages. Plaintiff has also offered to return the attorney's fees, received by his former counsel, or post bond if the fees earned by counsel are not returned. Plaintiff comes to the Court seeking *de novo* review of his claims when all of his awarded relief has been satisfied by payment or performance. Plaintiff is unhappy with the way things

---

**7.** Investigation of a hostile work environment claim entails examination of whether plaintiff has established four requisite elements: "(1) unwelcome conduct; (2) based on [p]laintiff's race; (3) sufficiently pervasive and severe as to alter the conditions of employment and create a hostile work environment; and (4) some basis for imputing liability to [the employer]." *Johnson v. Quin Rivers Agency for Comm. Action, Inc.,* 140 F.Supp.2d 657, 667 (E.D.Va.2001) (citing *Causey v. Balog,* 162 F.3d 795, 801 (4th Cir.1998)); *see also Anderson v. G.D.C., Inc.,* 281 F.3d 452, 458 (4th Cir.2002) (sex discrimination); *Fox v.*

*General Motors Corp.,* 247 F.3d 169, 177 (4th Cir.2001) (disability discrimination). Moreover, determining whether harassment is severe enough to establish a hostile work environment requires consideration of: (1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or a mere offensive utterance; (4) whether it interferes unreasonably with an employee's work performance; and (5) whether it resulted in psychological harm. *Conner v. Schrader–Bridgeport Int'l, Inc.,* 227 F.3d 179, 193 (4th Cir.2000).

turned out, though he received the relief he sought.

In *Miller v. Peters,* CA No. 00–480–A (E.D. Va. June 9, 2000) (Bryan, Jr., J.), plaintiff was awarded back pay, attorney's fees, and compensatory relief for findings of reprisal discrimination. Plaintiff accepted his awards for back pay and attorney's fees but rejected his compensatory damages award. *Id.* at 1–2. Subsequently, plaintiff filed a civil action seeking compensatory damages. *Id.* at 2. The Eastern District of Virginia dismissed plaintiff's claim for lack of subject matter jurisdiction. *Id.* at 3. In doing so, the court stated that, "[p]laintiff may only seek *de novo* review of the entire substantive discrimination claim and may not request review of the compensatory damages while accepting the other agency determinations." *Id.* at 2 (emphasis added).

As in *Miller,* the plaintiff herein has accepted some of his administrative relief and seeks review of the remaining portions. Plaintiff attempts to distinguish his case from *Miller* by arguing that the present defendant exercised control over when the injunctive portion of the awarded relief would be satisfied.[8] Therefore, plaintiff argues that he is essentially seeking *de novo* review in that he wishes to decline all awards over which he had control. The Court disagrees. Plaintiff did not lack total control. Pursuant to 29 C.F.R. § 1614.504(a), defendant was bound to implement the administrative award unless it had become "the subject of an appeal or civil action." Therefore, plaintiff could have avoided today's result by notifying defendant that he intended, or even that he contemplated, filing an appeal or a civil action. Plaintiff is improperly before the Court, and the Court lacks jurisdiction to hear plaintiff's claims.

---

**8.** Plaintiff asserts that if defendant's motion is sustained, "all an agency has to do to vitiate an employee's recourse to federal court is to

## III. RECOMMENDATION

For the foregoing reasons, the Court recommends that defendant's motion for summary judgment be GRANTED.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C); Fed. R.Civ.P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Carr v. Hutto,* 737 F.2d 433 (4th Cir.1984); *United States v. Schronce,* 727 F.2d 91 (4th Cir.).

immediately provide the injunctive relief and/or monetary relief awarded by the ALJ."