Irene ST. JOHN, Plaintiffs,

v.

John E. POTTER, U.S. Postmaster General, Defendants.

No. 02–CV–5064(ADS)(MLO).

United States District Court, E.D. New York.

Jan. 23, 2004.

Irene St. John, Port Richey, FL, for Plaintiff Pro Se.

Roslyn R. Mauskopf, United States Attorney, Eastern District of New York by Richard T. Lunger, Assistant United States Attorney, Central Islip, NY, for Defendant John E. Potter, U.S. Postmaster General.

## ORDER

SPATT, District Judge.

Irene St. John ("St. John" or the "plaintiff"), proceeding *pro se*, commenced this action seeking a review of the damages awarded to her by the Equal Employment Opportunity Commission (the "EEOC") against the defendant John E. Potter, U.S. Postmaster General ("Postal Service" or the "defendant"). Presently before the Court is a motion to dismiss, or in the alternative, for summary judgment on behalf of the defendant.

## I. BACKGROUND

Despite the Court's granting two extensions of time to the plaintiff, totaling almost four months, so that she may file her opposition to the defendant's motion, this motion remains unopposed. The Court cannot rule on the issues presented without considering material not contained in the complaint. Therefore, the Court will consider the instant motion as one for summary judgment under Rule 56. *See Leonard F. v. Israel Discount Bank of New York*, 199 F.3d 99, 107 (2d Cir.1999) (citing Fed.R.Civ.P. 12(b) ("[if] matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment ... and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.")).

The facts set forth in the defendant's Rule 56.1 statement are deemed admitted when no opposition has been filed. *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 211 (2d Cir.2001). Because the plaintiff has failed to oppose the motion for summary judgment, the Postal Service's Rule 56.1 statement is taken as true for the purposes of this motion. The defendant's Rule 56.1 statement recites the following facts:

On or about September 23, 1994, St. John filed a formal EEO Complaint for Discrimination alleging gender (female) and disability (shoulder injury and stress) discrimination and retaliation. In particular, the plaintiff alleged sexual harassment arising out of a physical examination conducted by a Postal Service contract physician, and retaliation for filing a prior EEO

Complaint of Discrimination against a supervisor in 1992.

After a hearing, by decision dated February 23, 1996, an EEOC Administrative Judge found liability on the part of the Postal Service. On April 25, 1996, the Postal Service issued a Final Agency Decision ("FAD") which found no discrimination. However, by order dated April 25, 1996, the EEOC Office of Federal Operations ("OFO"), overturned the April 25, 1996 FAD and ordered the Postal Service to determine an amount representing compensatory damages. On July 30, 1999, the Postal Service issued a FAD finding that St. John was entitled to $6,100 in compensatory damages.

Thereafter, the Postal Service issued check number 0100093047 in the amount of $6,100.00 payable to Irene St. John. On August 28, 1999, prior to cashing the check, St. John sought review before the OFO of the amount the Agency had awarded her in its July 30, 1999 FAD. However, on September 8, 1999, before the OFO rendered its decision, St. John cashed check number 0100093047 without any reservation of rights.

On January 29, 2002, the OFO issued a decision finding that St. John was entitled to an additional $17,000 in compensatory damages. The defendant subsequently issued check number 0101026641 in the amount of $17,000 payable to Irene St. John. The plaintiff cashed this check on or about February 8, 2002 without objection or reservation of rights.

On June 12, 2002, the OFO denied St. John's request that it reconsider its January 29, 2002 decision. In its denial, the OFO advised the plaintiff of her right to file a civil action in United States District Court pursuant to 42 U.S.C. § 2000e–16 and 29 C.F.R. §§ 1614.407 and 1614.408.

On or about October 24, 2002, St. John commenced this action, proceeding *pro se,* pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2e to 2000e–17, alleging the same conduct for which she sought recovery in her September 23, 1994 EEO Complaint of Discrimination, namely sexual harassment and retaliation for engaging in Title VII protected activity. In this action, the plaintiff seeks $350,000 in damages.

On or about February 28, 2003, the defendant served and filed his answer denying that he is liable for the conduct and damages alleged in the plaintiff's complaint. At the initial conference of this action held on June 12, 2003 before United States Magistrate Judge Michael L. Orenstein, the plaintiff stated in substance that she believed that the damages awarded by the EEOC were insufficient to compensate her for the harm the Postal Service caused here, and that she brought this action to obtain additional compensation.

The Postal service moves to dismiss this action pursuant to Rules 12(b)(1), 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P") or, in the alternative, pursuant to Rule 56 of the Fed.R.Civ.P. on the grounds that: (1) this Court lacks subject matter jurisdiction to selectively review only the remedy rendered by the EEOC; and (2) the defendant has fully satisfied its obligations to the plaintiff by complying with the EEOC's order to pay the plaintiff $23,100.00.

## II. DISCUSSION

### A. Standard of Review

In considering whether to convert a motion to dismiss into one for summary judgment, a court must be satisfied that the parties were not "taken by surprise and deprived of a reasonable opportunity to

meet facts outside the pleadings." *Krijn v. Pogue Simone Real Estate Co.,* 896 F.2d 687, 689 (2d Cir.) *aff'd,* 930 F.2d 910 (2d Cir.1991). Here, not only did the defendant include with its motion a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," which informed the plaintiff that failure to oppose the motion may result in a dismissal of the complaint, but the plaintiff had almost four months to respond to the instant motion.

When deciding a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party and must draw all permissible inferences from the submitted affidavits, exhibits, interrogatory answers, and depositions in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Niagara Mohawk Power Corp. v. Jones Chemical Inc.,* 315 F.3d 171, 175 (2d Cir.2003) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 n. 11, 106 S.Ct. 1348, 1356 n. 11, 89 L.Ed.2d 538 (1986)) (quoting Fed. R.Civ.P. 56(e)).

In addition, the Court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir.1999) (quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir.1994)). Nevertheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck,* 710 F.2d 90, 92 (2d Cir.1983) (citations omitted).

■ Where, as here, a nonmoving *pro se* party has failed to submit papers in opposition to the motion for summary judgment, summary judgment may be granted only if the undisputed facts "show that the moving party is entitled to a judgment as a matter of law." *Champion*

*v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996). In addition, the Second Circuit has cautioned that a district court may grant the motion only if the *pro se* party has received notice that failure to respond to the motion "will be deemed a default." *Id.* As stated above the defendants served a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment." Also, the Government affixed a copy of Fed.R.Civ.P. 56 to the Notice.

## B. "Civil Action" Pursuant to 42 U.S.C. § 2000e–16(c)

42 U.S.C. § 2000e–16(c) provides that a federal employee who is "aggrieved by the final disposition of his [EEOC] complaint may file a civil action" in federal district court. *See also Timmons v. White,* 314 F.3d 1229, 1233 (10th Cir.2003). A plaintiff bringing a civil action pursuant to 42 U.S.C. § 2000e–16(c) is entitled to a "trial *de novo*" and is "not entitled to litigate those portions of an EEOC decision believed to be wrong, while at the same time binding the government on the issues resolved in his or her favor." *Timmons,* 314 F.3d at 1233 (concluding that a plaintiff is not entitled to bring a *de novo* civil action under § 2000e–16(c) that is limited only to the issue of remedy); *see also Ritchie v. Henderson,* 161 F.Supp.2d 437, 448 (E.D.Pa.2001) ("When a plaintiff is challenging some, but not all of the findings of the EEOC, the appropriate course is a trial *de novo,* on all of the issues, including liability."); *Gaffney v. Potter,* No. 01 Civ. 2889, 2002 WL 1008460, at * 6 (N.D.Ill. May 13, 2002) ("The statute and applicable regulations do not indicate that the intention was to allow a plaintiff to have a new trial on only those issues that he or she disagrees."). Thus, "the plaintiff should not be able to simply pick and choose those aspects of the agency's decision he or she disagrees with and seek a

second chance on only those issues." *Gaffney v. Potter*, No. 01 Civ. 2889, 2002 WL 1008460, at *5 (N.D.Ill. May 13, 2002).

Here, the plaintiff is "seeking [a] financial award for personal injury, damages, back pay, [and] future pay in the amount of $350,000[.00]," Compl. ¶ 9, but does not request a trial *de novo* on liability. This Court will not conduct the fragmented review of the EEOC decision that the plaintiff is seeking. *See Ritchie*, 161 F.Supp.2d at 448 (indicating that the court "will not allow [the] plaintiff to challenge the portions of the EEOC decision with which he does not agree while trying to enforce the parts of the decision in his favor").

### C. As to St. John's Acceptance of the Prior Awards

In addition, the plaintiff has already accepted payments of $6,100 and $17,000, reflecting the amounts awarded by the EEOC, without reserving any rights with regard to either of the checks. The defendant has a right to expect that payment rendered in full satisfaction of a valid order of an administrative agency will not be ignored or undone. *See State of New York v. Hendrickson Brothers, Inc.*, 840 F.2d 1065, 1087 (2d Cir.1988); *see also Elovich v. Schwartz*, No. 96 Civ. 2318, 1997 WL 452326, at *3 (S.D.N.Y. Aug. 8, 1997). In the unlikely event that she would be entitled to a trial *de novo* on all of the issues, the plaintiff has not offered to return the money she has received and deposited. In addition, the Court again notes that the plaintiff has filed no opposition to the instant motion.

As such, the Court finds that St. John's acceptance of the checks serves to satisfy all of the plaintiff's claims against the defendant for the conduct detailed in her EEO Complaint dated September 23, 1994.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the defendant's motion for summary judgment is **GRANTED**; and it is further

**ORDERED**, that the complaint is dismissed with prejudice; and it is further

**ORDERED**, that the Clerk of the Court is directed to close the case.

**SO ORDERED.**