United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 06-50663

————————————

GENEVA MASSINGILL,

                                        Plaintiff-Appellant,

versus

JIM NICHOLSON, SECRETARY, DEPARTMENT OF VETERANS AFFAIRS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
--------------------

Before HIGGINBOTHAM, DAVIS, and BARKSDALE, Circuit  Judges.

HIGGINBOTHAM, Circuit Judge:

    The EEOC found that the Department of Veterans Affairs had discriminated against Geneva Massingill, awarding her damages, fees, and injunctive relief.  Massingill later sued in federal district court.  Reading her complaint as seeking a partial trial *de novo* on remedy, but not liability, and holding that her acceptance of partial payments constituted a request for such a partial trial or otherwise prevented suit, the district court concluded that Massingill could not ask for such a partial trial. We reverse and remand.

I

Geneva Massingill was a Registered Nurse at a VA facility in Waco, Texas from 1981 to 1994. In 1985, Massingill was diagnosed with multiple sclerosis. In 1993, she suffered a back injury on the job. During a later fitness-for-duty examination, she re-injured her back. The VA determined that Massingill was not fit to work as an RN. After failing to find substitute work for Massingill, the VA fired her in 1994.

Soon after being fired, Massingill filed an EEOC complaint against the VA, alleging disability discrimination. In 1996, following an evidentiary hearing, the EEOC ALJ found discrimination. The VA rejected the ALJ's recommended decision and issued a final agency decision finding no discrimination. Although Massingill could have filed suit in federal court at this point, she elected further administrative review and appealed to the EEOC's Office of Federal Operations in June of 1996. The OFO reversed in July of 2000, ordering that the VA provide backpay with interest, compensatory damages, and attorneys' fees and post a nondiscrimination notice at the VA. It remanded the case to the VA to determine the specific amount of monetary relief. The VA posted the notice soon thereafter.

In September of 2000, Massingill moved the OFO to reconsider, seeking additional backpay, additional compensatory damages, and frontpay.[1] While that request was pending, the VA calculated

---

[1] The OFO had ordered the VA to calculate damages based on certain dates. Massingill urged different dates.

Massingill's backpay and interest, giving her two checks totaling $4,278.77 in January of 2001. Massingill cashed those checks.

In May of 2001, the OFO refused Massingill's request for reconsideration, although it directed the EEOC ALJ on remand, and not the VA, to determine compensatory damages and attorneys' fees. Massingill filed a petition to enforce this ruling, including a request for more backpay. That EEOC granted that petition in part in March of 2002, ordering another $340.08 plus interest in backpay. The VA complied, sending Massingill another check, which she cashed.

In December of 2003, the ALJ awarded Massingill $10,000 in compensatory damages and $16,895.95 in attorneys' fees. The VA fully agreed to the award, sending checks to Massingill and her attorney in January of 2004. The attorney cashed his check; Massingill returned hers to the VA, appealing the award (through the same counsel) of compensatory damages to the OFO. In May of 2005, the OFO affirmed, explaining that $10,000 was proper given that Massingill had only pre-existing injuries that were exacerbated. The VA sent Massingill another check for that amount.

In August of 2005, Massingill sued the VA in federal district court, seeking injunctive and monetary relief, including $300,000 in compensatory damages. She had not then returned the second $10,000 check. She sued under The Equal Opportunity Employment Act of 1972, which allows government employees to sue their employers under Title VII. The VA moved to dismiss, alternatively for

summary judgment. Reading Massingill's complaint as seeking a partial trial *de novo* on remedy, but not liability, and holding that her acceptance of partial payments constituted a request for such a partial trial or otherwise prevented suit, the district court concluded that Massingill could not ask for such a partial trial and granted summary judgment to the VA. It denied as moot the motion to dismiss. Massingill appeals, and has since returned the $10,000 check to the VA.

## II

We turn first to the underlying question presented on appeal - whether a federal-sector employee suing under Title VII can request a partial trial *de novo*. Once a federal-sector employee exhausts her administrative remedies, she can file two types of civil actions: a suit to enforce the final administrative disposition, in which the court examines only whether the agency has complied with the disposition, or *de novo* review of the disposition.[2] The question here is whether a plaintiff, under the second prong, can seek partial *de novo* review. The district court concluded that she cannot. We agree.

The D.C. Circuit thoroughly addressed the issue in *Scott v. Johanns*.[3] The court found that the plaintiff's claim arose under 42 U.S.C. § 2000e-16(c), which provides a cause of action for a party "aggrieved by [a] final disposition." That section

---

[2] *See Scott v. Johanns*, 409 F.3d 466 (D.C. Cir. 2005).

[3] 409 F.3d 466 (D.C. Cir. 2005).

references § 2000e-5(g), which along with § 1981a(a)(1) provides various remedies, including compensatory damages, "if the court finds that the respondent has intentionally engaged in or is intentionally engaging in an unlawful employment practice."[4] The D.C. Circuit held that this plain text requires that "the court" find discrimination, noting there was no reason to think that the EEOC's finding could be imported. It further held that this conclusion was buttressed by *Chandler v. Roudebush*,[5] where the Supreme Court held that administrative findings in discrimination cases may be *evidence* of discrimination. Moreover, the court noted, *Chandler* held that the Equal Employment Opportunity Act of 1972 sought to accord federal employees "the same right to trial *de novo* as is enjoyed by private-sector employees," and because EEOC discrimination findings are not binding on private-sector employers and employees, those parties must always relitigate discrimination. The court declined to follow Fourth and Ninth Circuit opinions to the contrary. In sum, the court held, "[u]nder Title VII, federal employees who secure a final administrative disposition finding discrimination and ordering relief have a choice: they may either accept the disposition and its award, or file a civil action,

_____

[4] Section 1981a(a)(1) makes compensatory damages available in intentional discrimination cases "in addition to" the remedies mentioned in § 2000e-5(g), hence § 2000e-5(g)'s requirement of a judicial finding of discrimination applies to § 1981a(a)(1) as well. *See Scott*, 409 F.3d at 470.

[5] 425 U.S. 840 (1976).

trying *de novo* both liability and remedy.  They may not, however, seek *de novo* review of just the remedial award."

The Tenth Circuit had come to the same conclusion for the same reasons a couple years earlier in *Timmons v. White*.[6]  The Third Circuit later agreed with *Scott* and *Timmons* in *Morris v. Rumsfeld*.[7]  The Eleventh Circuit then agreed with *Scott*, *Timmons*, and *Morris* in *Ellis v. England*.[8]  The Fourth Circuit had come to the contrary conclusion in *Morris v. Rice*,[9] an opinion criticized in *Scott, Timmons*, *Morris*, and *Ellis*.  The Fourth Circuit recently reversed itself en banc in *Laber v. Harvey*,[10] overruling *Morris* and explicitly joining *Scott*, *Timmons*, *Morris*, and *Ellis*.  The Ninth Circuit case to the contrary remains,[11] but the critiques of the Fourth Circuit's overruled *Morris* apply equally to that case.

We agree with the weight of authority, for the reasons stated by *Scott* and our other sister circuits.

III

The issue here, then, is what exactly Massingill sought - a partial trial or a complete trial. The district court granted summary judgment for the VA after holding that Massingill's

---

[6] 314 F.3d 1229 (10th Cir. 2003).

[7] 420 F.3d 287 (3d Cir. 2005).

[8] 432 F.3d 1321 (11th Cir.2005).

[9] 985 F.2d 143 (4th Cir. 1993).

[10] 438 F.3d 404 (4th Cir. 2006) (en banc).

[11] *Girard v. Rubin*, 62 F.3d 1244 (9th Cir. 1995).

complaint asked for a partial trial, on remedy but not liability, and that her acceptance of partial payments constituted a request for such a partial trial or otherwise prevented suit.

Massingill's complaint is not entirely clear.  As the district court noted, it references the EEOC's prior finding of liability, urges "that the amount of compensatory damages awarded [$10,000] ...was not appropriate," and requests "compensatory damages for [her losses] in the amount of $300,000."  These statements suggest that she seeks a partial trial, only as to compensatory damages. She also requests "declaratory, injunctive, and equitable relief" and "attorney's fees," other forms of relief.  The last page of the complaint requests that "the Court allow Massingill a trial on the merits as to the discrimination issues alleged in this case."  That broad statement suggests that she seeks a complete trial, including liability.  The district court read the term "discrimination issues" in that statement to include only the remedy, but we do not.  Having reviewed the complaint with an eye towards our liberal notice pleading standards, we conclude that Massingill requested a complete trial.[12]

Furthermore, we do not think that Massingill must disgorge or offer to disgorge the money she has received so far for her case to

---

[12] One might also suggest that the fact that Massingill cashed the checks for backpay and interest but returned the checks for compensatory damages counsels reading her complaint as a request for a partial trial, either as to compensatory damages only or as to all damages other than backpay only, aside from any effect her acceptance of payment might have on her ability to sue, an issue discussed in the next paragraph.  This may be so, but it is not strong enough counsel to overcome our reading of the complaint.

proceed.[13]  We recognize that, as the district court noted, two district courts have held otherwise.[14]  Indeed, one of those courts held that the defendant's performance of the injunctive remedy and sending to plaintiff of checks for compensatory damages and attorneys' fees precluded relief, even though plaintiff had returned the former check and offered to return the latter or post a bond for it and the checks were sent after plaintiff had filed suit but before defendant was served.[15]  But there is nothing in the statute creating the right of action, 42 U.S.C. § 2000e-16(c), which precludes suit if the award has been partially or even completely rendered.  Defendants might complain that, having rendered an award, they are entitle to repose, but § 2000e-16(c) gives plaintiffs only ninety days after the final agency disposition to sue, and it's not unreasonable to delay such repose for three months.  This is not a situation involving the common-law defense of satisfaction of a debt, settlement, or judgment from some time ago, it is situation where the administrative scheme has played out, the plaintiff has ninety days to sue, and she does so within that time.  We do not mean to encourage plaintiffs to accept

---

[13] In addition, the district court implicitly held that the VA's performance of the injunctive remedy renders Massingill unable to sue.  We disagree, for the same reasons that payment of money does not preclude Massingill's suit and the additional reason that, if the VA could preclude suit simply by performing the injunctive remedy, it could render all potential plaintiffs unable to sue simply by performing right away.

[14] *See St. John v. Potter*, 299 F. Supp. 2d 125, 129 (E.D.N.Y. 2004) (holding that plaintiff's acceptance of checks representing entire EEOC award precluded him from filing suit); *Legard v. England*, 240 F. Supp. 2d 538, 545-46 (E.D. Va. 2002).

[15] *See Legard*, 240 F. Supp. 2d at 545-56.

awards and then file suit, but we cannot conclude that Massingill has forfeited her rights under § 2000e-16(c) in the present circumstances.

Of course, the VA here can counterclaim against Massingill for the amounts already paid, obtaining offset against any recovery by Massingill and judgment against Massingill if no liability is found or the offset is greater than the recovery.

REVERSED and REMANDED.