**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 6, 2009

Charles R. Fulbruge III
Clerk

No. 08-31179
Summary Calendar

JEROME SMITH,

Plaintiff–Appellant,

v.

ANTHONY J. PRINCIPI, SECRETARY, DEPARTMENT OF VETERANS
AFFAIRS,

Defendant–Appellee.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-55

Before KING, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jerome Smith appeals the district court's dismissal of his complaint filed pursuant to § 706(f) of the Civil Rights Act of 1964 for lack of subject matter jurisdiction. Because we hold that the district court had subject matter jurisdiction to consider the complaint, we reverse the dismissal and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I

Smith was an escort nursing assistant at the Little Rock, Arkansas Veterans Affairs facility. He alleges that the facility retaliated against him because he gave a statement to an administrative investigation board regarding patient abuse and sexual harassment in the facility. Smith filed a formal complaint of employment discrimination with the Department of Veterans Affairs (VA) and requested a hearing before the Equal Employment Opportunity Commission (EEOC). The EEOC administrative judge (AJ) concluded that Smith was discriminated against and recommended an award of compensatory damages, but the VA rejected the AJ's recommendation and Smith appealed to the EEOC Office of Federal Operations (OFO). The OFO determined that Smith was discriminated against and ordered the VA to award Smith damages. The VA awarded Smith $30,000, paying by a check that Smith subsequently cashed. Smith then appealed the amount of the award to the OFO, and the OFO increased the award to $80,000. The VA issued another check for the remaining $50,000 to Smith, who subsequently cashed the check.

Smith then brought this action in the district court pursuant to the Equal Opportunity Employment Act of 1972, which permits government employees to sue their employers under Title VII.[1] The VA filed a motion to dismiss for lack of jurisdiction. The case was assigned to a magistrate judge, who recommended dismissal of the complaint for lack of jurisdiction. The magistrate judge noted that the statute only allowed two types of appeals: those to enforce the administrative award and those seeking de novo review of the administrative decision. Construing Smith's complaint to only seek review of the award and not de novo review of the full administrative decision, the magistrate judge

---

[1] *See* 42 U.S.C. § 2000e-16(c).

concluded that the court lacked subject matter jurisdiction. The district court adopted the magistrate's recommendation and Smith subsequently appealed.

## II

We review a district court's dismissal for lack of subject matter jurisdiction de novo.[2] We have previously held that a federal-sector employee suing under Title VII cannot request a partial de novo review of the agency's decision, but may only seek either a suit to enforce the final administrative disposition or a de novo review of the entire agency decision, including both liability and the remedy.[3] Here, Smith does not seek enforcement of the administrative disposition, since the award has already been rendered. The question is whether Smith's complaint seeks a partial or complete de novo review of the agency decision.

In *Massingill v. Nicholson*, we faced a similar situation. There, the plaintiff's complaint was unclear as to whether it sought only a review of the award or of the entire decision.[4] The complaint both stated that "the amount of the compensatory damages awarded . . . was not appropriate" and asked that "the Court allow Massingill a trial on the merits as to the discrimination issues alleged in this case."[5] Reviewing the complaint "with an eye towards our liberal notice pleading standards," we concluded that Massingill had requested a complete trial.[6] We further held that Massingill did not need to disgorge the money she had already received from her award in order to proceed with the case, noting that "there is nothing in the statute creating the right of action, 42

---

[2] *E.I. DuPont de Nemours & Co. v. Sawyer*, 517 F.3d 785, 792 (5th Cir. 2008).

[3] *Massingill v. Nicholson*, 496 F.3d 382, 384-85 (5th Cir. 2007).

[4] *Id.* at 385-86.

[5] *Id.* at 386.

[6] *Id.*

U.S.C. § 2000e-16(c), which precludes suit if the award has been partially or even completely rendered."[7]

Here, Smith's original complaint was filed pro se, though Smith later hired an attorney. "A document filed pro se is 'to be liberally construed,' and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"[8] Reading Smith's pro se complaint liberally, we hold that it did seek full de novo review of the agency's decision.

Smith initially filed a form complaint for a § 706(f) action. He later filed an "Amended Complaint" which stated that "[t]he Plaintiff would like to Amend the complaint by attaching the following." "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading."[9] We liberally construe Smith's language stating that he was "attaching the following" to the "complaint" as incorporating the previous complaint by reference. Thus, we will read the original complaint and the amended complaint together.

Neither the original complaint nor the amended complaint clearly explains what type of review Smith seeks. In the original complaint, he described the factual basis for his discrimination claim against the VA. In response to the form's prompt, "[I]f you disagree with any of the EEOC's findings or conclusions, state why," Smith referred to an affidavit and amendment to the affidavit filed with the complaint that described in depth the details of the alleged discrimination and reprisals against Smith, as well as the mental health issues

---

[7] *Id.*

[8] *Erikson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (internal citation omitted) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

[9] *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994).

from which Smith alleged he suffered due to the reprisals. In his amended complaint, Smith stated that "[t]he reason of [sic] this Civil Suit is because I am suffering from on going [sic] Mental Health problems that has [sic] resulted in physical problems as well," and goes on to discuss those problems.

The VA argues that the amended complaint demonstrates that Smith was only dissatisfied with the amount of compensatory damages awarded and thus did not seek de novo review of the entire EEOC decision. While it may be true that Smith's dissatisfaction derives from the amount of the EEOC's award, that alone does not establish that Smith sought only a partial review of the EEOC's decision. The fact that Smith included in his complaint and amended complaint all of the facts underlying the discrimination claim and not just those relating to the damages award, combined with the absence of any statement clearly requesting only review of the award, is enough for us to conclude, construing the complaint liberally, that Smith seeks review of the EEOC's full decision and not just the award amount. Therefore, the district court had subject matter jurisdiction to consider the merits of Smith's claim.

Moreover, as we held in *Massingill*, the fact that Smith has cashed the checks from the previous award and has not returned those amounts to the VA does not preclude him from bringing this suit.[10] However, if, as a result of the de novo review, no liability is found or a lower award is granted, the VA may counterclaim against Smith to recover the amounts paid in excess of the ultimate award.

\*       \*       \*

We REVERSE the district court's grant of the motion to dismiss and REMAND for further proceedings.

---

[10] *See Massingill*, 496 F.3d at 386.