**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 30, 2012

No. 10-50539
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS ANTONIO RAYMOND,

Plaintiff-Appellant,

v.

JOHN MCHUGH, Secretary of the Army,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC 5:09-CV-279

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

The Equal Employment Opportunity Commission ("EEOC") issued an order requiring the Army to compensate Carlos Antonio Raymond for discrimination. Raymond then filed this employment action seeking *de novo* review of the damages awarded by the EEOC. The district court dismissed Raymond's claims for lack of subject matter jurisdiction and denied Raymond's motion for reconsideration. This appeal followed.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 10-50539

Raymond's pro se status and its effects on his ability to litigate this case effectively are not lost on us. The result here, however, follows ineluctably from the law we must apply and not from the sympathy we feel for Raymond's plight. The district court—also sympathetic to Raymond's situation—took pains to explain to him the consequences of challenging only the EEOC's damages award in this case. It even went as far as to recommend to Raymond that he simply accept the EEOC's award to him rather than run the risk of losing that award by unsuccessfully pursuing this lawsuit. Along with that advice, the district court made plain to Raymond that if he chose to challenge only the EEOC's damages award, the court would lack subject matter jurisdiction over his case. Raymond nevertheless chose to file several documents insisting that his lawsuit was strictly limited to challenging the EEOC's damages award.

Raymond argues that he did not intend to challenge only the EEOC's damages award and that, therefore, the district court erred by dismissing his case for lack of subject matter jurisdiction. However, as noted above, the record makes clear that Raymond challenged only the EEOC's damages award. Therefore, we AFFIRM the district court because, as it concluded, we lack jurisdiction to consider Raymond's claims. *Massingill v. Nicholson*, 496 F.3d 382, 385 (5th Cir. 2007). Raymond's Motion for Appointment of Counsel is also DENIED. *Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) ("In a civil case, an attorney should be appointed only under exceptional circumstances.")

AFFIRMED; Motion for Appointment of Counsel DENIED.