# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

———

Argued March 19, 2021          Decided June 29, 2021

No. 19-5343

ANDREW H. FARRAR,
APPELLANT

v.

BILL NELSON, IN HIS OFFICIAL CAPACITY AS THE
ADMINISTRATOR OF THE NATIONAL AERONAUTICS AND SPACE
ADMINISTRATION,
APPELLEE

———

Appeal from the United States District Court
for the District of Columbia
(No. 1:19-cv-00846)

———

*Kathryn A. Robinette,* appointed by the court, argued the cause as *amicus curiae* in support of appellant. With her on the briefs was *Matthew M. Collette*, appointed by the court.

*Andrew H. Farrar*, pro se, argued the cause and filed the briefs for appellant.

*Katherine B. Palmer-Ball*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief was *R. Craig Lawrence*, Assistant U.S. Attorney.

2

Before: SRINIVASAN, *Chief Judge*, WILKINS and WALKER, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* WALKER.

WALKER, *Circuit Judge*:  Andrew Farrar sued NASA for disability discrimination.  The district court dismissed the action because he accepted administratively-awarded damages before filing suit.  But NASA has pointed to no federal statute or regulation that requires Farrar to return, or offer to return, that money before suing in district court.  We therefore reverse the district court's order and remand for further proceedings.

I

Andrew Farrar began working for NASA's Equal Opportunity and Diversity Management Division in 2010. When NASA fired him five months later, he filed an administrative action alleging disability discrimination under the Rehabilitation Act of 1973, as amended.  29 U.S.C. §§ 791 –794g.[1]

For the most part, Farrar prevailed.  NASA's Associate Administrator for Diversity and Equal Employment issued a Final Agency Action concluding that NASA had discriminated against Farrar.  NASA awarded him compensatory damages, costs, and fees totaling just under $13,000.

Not satisfied with this award, Farrar appealed the Final Agency Action to the Equal Employment Opportunity Commission.  *See* 29 C.F.R. § 1614.401(a).  Again, Farrar

---

[1] Farrar's administrative complaint alleged disability discrimination, failure to accommodate a disability, and retaliation.  Farrar did not bring a retaliation claim in district court.

prevailed. *See Farrar v. Bridenstine*, EEOC Appeal No. 0120161456 (2018). The Commission agreed that NASA discriminated against him and increased the amount NASA would pay Farrar to about $35,000. *Id.* at 13. By default an agency has 120 days after the Commission's decision to pay an employee damages, but here the Commission ordered NASA to pay Farrar within 60 days. *Id.*; 29 C.F.R. § 1614.502(c).

After exhausting his administrative appeals, Farrar enjoyed two options: "either accept the [Commission's] disposition and its award, or file a civil action" in district court. *Scott v. Johanns*, 409 F.3d 466, 472 (D.C. Cir. 2005). Farrar had 90 days after the Commission's decision to file suit. 42 U.S.C. § 2000e-16(c).[2] That put Farrar's deadline to file suit 30 days *beyond* NASA's deadline to pay him.

After NASA paid him, Farrar filed a civil action, alleging disability discrimination under the Rehabilitation Act. But because Farrar had already accepted and retained the monetary award from NASA, the district court said "he does not get another bite at the apple" and dismissed his case. *Farrar v. Bridenstine*, No. 19-846, 2019 WL 4889251, at *2 (D.D.C. Oct. 3, 2019).

Farrar appealed. We have jurisdiction, 28 U.S.C. § 1291, and we review the district court's decision to dismiss de novo. *Statewide Bonding, Inc. v. U.S. Department of Homeland Security*, 980 F.3d 109, 114 (D.C. Cir. 2020).

---

[2] *See also* 29 U.S.C. § 794a(a)(1) (adopting the "remedies, procedures, and rights" under Title VII of the Civil Rights Act of 1964 for federal employees filing civil actions).

4

II

In *Scott v. Johanns*, this court held that federal employees suing agencies for discrimination in district court may not challenge only an administrative remedy without also placing liability at issue. 409 F.3d 466, 472 (D.C. Cir. 2005). In other words, under *Scott*, a federal employee can't bind the government to an administrative finding of liability and then litigate only the remedy in court. Employees who roll the dice in federal court might come out ahead, lose everything, or end up somewhere in between.

*Scott* did not address the question presented by Farrar's suit: whether a federal employee who has retained an administrative remedy must disgorge, or offer to disgorge, the award upon filing a de novo lawsuit. When the Fifth Circuit took up that question in *Massingill v. Nicholson*, it held that "there is nothing in the statute creating the right of action which precludes suit if the award has been partially or even completely rendered." 496 F.3d 382, 386 (5th Cir. 2007) (cleaned up). In *Massingill*, "the administrative scheme ha[d] played out, the plaintiff ha[d] ninety days to sue, and she d[id] so within that time." *Id*. As far as statutory requirements, *Massingill* said — and we agree — they demand nothing more.

Several district courts have reached the opposite conclusion. They found it dispositive that the plaintiff didn't express an intent to return an administrative award. *See Farrar v. Bridenstine*, No. 19-846, 2019 WL 4889251, at *2 (D.D.C. Oct. 3, 2019) ("As Farrar never mentions any desire or agreement to return the money he has received pending the outcome of this suit, he cannot proceed."); *see also St. John v. Potter*, 299 F. Supp. 2d 125, 129 (E.D.N.Y. 2004) (granting summary judgment to the government because, among other things, "the plaintiff ha[d] not offered to return the money she

has received and deposited"); *cf. Legard v. England*, 240 F. Supp. 2d 538, 546 (E.D. Va. 2002) ("plaintiff could have avoided today's result by notifying defendant that he intended, or even that he contemplated, filing an appeal or a civil action").

In this case, Farrar has also expressed no such intent. But so what? Farrar sued under the Rehabilitation Act, which gives employees 90 days from the Commission's decision — without referring to its award — to file a civil action. 42 U.S.C. § 2000e-16(c). The Act says nothing about requiring an employee to first disgorge, or offer to disgorge, an administrative remedy already received. Although Farrar *could* have returned, or offered to return, his award before filing suit, the statute doesn't require it. And we cannot read that requirement into the statute without rewriting it.

In addition, the Commission's regulations show it is aware that it sometimes orders agencies to pay an employee's damages before the employee files a civil action. That's why, in 2012, the Commission extended agencies' usual deadline to pay an employee's administrative damages from 60 to 120 days. *See* Federal Sector Equal Employment Opportunity, 77 Fed. Reg. 43,498, 43,503 (July 25, 2012) ("[T]he Commission believes that agencies should not be required to provide relief before the expiration of the complainants' 90-day right to file suit period."). The Commission nevertheless retained discretion to order payment before 120 days. 29 C.F.R. § 1614.502(c) ("The relief shall be provided in full not later than 120 days after receipt of the final decision *unless otherwise ordered* in the decision.") (emphasis added).

That's precisely what the Commission did here. Knowing full well that Farrar might file a de novo action in district court, the Commission used its discretion to "otherwise order[]" a

shorter deadline for relief.  If NASA didn't want to pay Farrar until the clock for Farrar to file suit had run out, NASA could have asked the Commission to reconsider its order to pay Farrar before his 90-day filing deadline.  Oral Arg. Tr. at 16; *see also* 29 C.F.R. § 1614.502(b)(2) (an agency may request reconsideration of a payment decision).

Notably, when the Commission considered changing agencies' payment deadline, it received comments "suggest[ing] that EEOC should allow complainants to certify that they will not file suit, and then require agencies to provide relief within 30 or 60 days of certification."  77 Fed. Reg. at 43,503.  That the Commission declined to adopt a certification requirement or even make it an option lends further support to our conclusion.

Of course, Farrar risked losing his previously-awarded damages when he filed his civil action.  The district court may find no liability on his claim, and NASA could file a counterclaim to recover the administrative award, although we express no opinion on its propriety or timeliness.  Oral Arg. Tr. at 7.  This is a risk Farrar appears willing to take.  *See* Pro Se Appellant's Br. at 27 ("Farrar invoked his statutory right to judicial trial de novo . . . in the District Court"); Oral Arg. Tr. at 4 ("We're not arguing that Mr. Farrar would not be required to return his administrative award if he ultimately was unsuccessful . . . .").

For now, we hold only that the Rehabilitation Act and governing regulations do not foreclose Farrar's civil action in this case.  And because NASA did not advance any equitable defenses to Farrar's complaint, *see* NASA's Motion to Dismiss, we do not consider whether Farrar is otherwise estopped from filing suit, *cf.* Fed. R. Civ. P. 8(c) ("Affirmative Defenses").

\* \* \*

Farrar did not need to disgorge (or offer to disgorge) his administrative award before filing suit. We reverse the district court's order dismissing his suit and remand for further proceedings.