**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ALBERT P. SCHULTZ,

      Appellant,

     v.

UNITED STATES POSTAL SERVICE,

      Agency.

DOCKET NUMBER
PH-0752-94-0233-C-7

DATE: July 19, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alexander Schultz</u>, Esquire, Lake Worth, Florida, for the appellant.

<u>Mark Manta</u>, Esquire, Philadelphia, Pennsylvania, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    This case has a lengthy and complex procedural history that is largely irrelevant to the current proceeding, and we recount only the pertinent history here.[2] In a December 16, 2016 Final Order, the Board awarded the appellant $100,733.89 in attorney fees and costs and ordered the agency to pay the appellant the amount awarded within 20 days of the date of the Order. *Schultz v. U.S. Postal Service*, MSPB Docket No. PH-0752-94-0233-M-1, Final Order, ¶ 56 (Dec. 16, 2016). On January 31, 2017, the appellant filed a petition for enforcement of the Final Order. *Schultz v. U.S. Postal Service*, MSPB Docket No. PH-0752-94-0233-C-7, Compliance File (C-7 CF), Tab 1. He alleged that, although the agency had paid him the amount owed by check, the agency had declined his request to stipulate that his deposit of the check did not waive his right to pursue a further appeal of the fee award, thus he returned the check. C-7 CF, Tab 1 at 4-7. He also noted that, although he returned the check, he still

---

[2] For a summary of the underlying proceedings, *see Schultz v. U.S. Postal Service*, MSPB Docket No. PH-0752-94-0233-M-1, Final Order, ¶¶ 2-7 (Dec. 16, 2016).

received an Internal Revenue Service Form 1099-MISC reflecting the payment. *Id.* at 7. He requested that the Board "determine the parties' rights and obligations" regarding the check and direct the agency to correct the 1099-MISC to reflect the returned payment. *Id.* The agency opposed the petition on the grounds that it was untimely and that the agency had fully complied with the Board's Final Order.[3] C-7 CF, Tab 3 at 4-6.

¶3 The administrative judge issued a compliance initial decision finding that the agency had fully complied with the Board's Final Order by issuing the check for the full amount of the fee award to the appellant. C-7 CF, Tab 8, Compliance Initial Decision (CID) at 3. He also noted that the appellant was not contesting the amount of fees awarded in the underlying appeal and had filed an appeal of the fee award with the Equal Employment Opportunity Commission (EEOC), which subsequently concurred in the Board's December 16, 2016 Final Order. *Id.*; C-7 CF, Tab 7 at 5-8. Accordingly, he denied the petition for enforcement. CID at 3.

¶4 The appellant has filed a petition for review of the compliance initial decision in which he argues that the administrative judge erred in finding that he did not contest the amount of attorney fees awarded to him in the underlying appeal and renews his request for an order directing the agency to pay the appellant without any restriction on his right to appeal the fee award. *Schultz v. U.S. Postal Service*, MSPB Docket No. PH-0752-94-0233-C-7, Petition for Review (C-7 PFR) File, Tab 1 at 4-7. The agency has not responded to the petition.

---

[3] The administrative judge did not make findings as to the timeliness of the petition, but we do not reach this issue because we agree with the administrative judge that the petition must be denied on the merits.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 The EEOC's decision concurring with the Board's December 16, 2016 Final Order concluded the administrative process available to the appellant to contest the Board's fee award, and there is no indication that the appellant appealed the decision to the applicable Federal district court. *See* 5 C.F.R. § 1201.161(f). Enforcement proceedings are not to be used to revisit the merits of an underlying appeal, thus we decline to consider any challenge to the attorney fee award in the underlying appeal. *Henry v. Department of Veterans Affairs*, 108 M.S.P.R. 458, ¶ 24 (2008).

¶6 In addition, the administrative judge properly concluded that the agency had complied with the Board's Final Order. The appellant does not dispute that he received the agency's check for the awarded fee amount, and he cites no authority under which the Board is obligated to order the agency to stipulate that the appellant may deposit the check for attorney fees without risking waiver of any right to appeal the fee award. C-7 PFR File, Tab 1 at 6. Although the opinions the appellant has cited in support of his position indicate that he may risk waiver of his right to appeal the fee award in Federal district court by depositing the check, they do not mandate such an outcome, nor do they impose an obligation upon the Board to prevent this outcome.[4] *Id.* at 6-7; *compare St. John v. Potter*, 299 F. Supp. 2d 125, 129 (E.D.N.Y. 2004) (finding that the plaintiff's accepting a check representing the entire EEOC award satisfied her claims against the defendant), *with Massingill v. Nicholson*, 496 F.3d 382, 386 (5th Cir. 2007) (finding that 42 U.S.C. § 2000e-16(c) does not preclude suit if an award has been partially or completely rendered). The appellant's acceptance of the fee award and subsequent appeal of it are at his own peril.

---

[4] Moreover, the opinions of the Eastern District of New York and the Eastern District of Virginia constitute persuasive authority that is not binding on the Board. *See Lindsley v. Office of Personnel Management*, 96 M.S.P.R. 259, ¶ 17 (2004), *aff'd*, 126 F. App'x 959 (Fed. Cir. 2005).

¶7     The compliance initial decision is affirmed.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]   The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                                /s/ for
                                     Jennifer Everling
                                     Acting Clerk of the Board

Washington, D.C.